UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR FRONTIER BANK,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. CLEMENTZ, et al.,<br><br>Defendants. | CASE NO. C13-737 MJP<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR JUDICIAL NOTICE |

This motion comes before the Court on Defendant's request for the Court to take judicial notice of 42 Exhibits. (Dkt. No. 38.) The Court reviewed the request, Plaintiff's response (Dkt. No. 44), Defendants' reply (Dk. No. 48), the Complaint, and all related documents. The Court GRANTS in part and DENIES in part the request, as specified below.

**Background**

Plaintiff Federal Deposit Insurance Corporation ("FDIC") filed its Complaint in this Court seeking to recover damages from Defendants, former officers of Frontier Bank, in its capacity as Receiver for Frontier Bank ("Frontier"). (Dkt. No. 1 at 2.) FDIC alleges Defendants

breached their fiduciary duty to Frontier and were negligent and grossly negligent by, among other things, approving several loans between March 2007 and April 2008. (Id.) Defendants filed a motion to dismiss the Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 32.) With that motion, Defendants filed the request for the Court to take judicial notice at issue here. (Dkt. No. 38.)

**Analysis**

Generally, a district court may not consider material beyond the pleadings in considering a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). In deciding whether a Complaint states a plausible claim for relief, the Court may consider the Complaint, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

Defendants ask the Court to take judicial notice of documents falling into four categories: (1) documents incorporated by reference into the FDIC's Complaint; (2) Frontier's filings with the U.S. Securities and Exchange Commission ("SEC"); (3) records and reports of administrative bodies; and (4) newspaper articles or other publically available materials demonstrating facts not subject to reasonable dispute. (Dkt. No. 38 at 2.) Each category is discussed below, with the Court's ruling on each exhibit for which judicial notice is requested.

I.   Documents Incorporated by Reference

Under the "incorporation by reference" doctrine, a court may consider the full content of documents "incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Documents not physically attached to the complaint may be

1 | considered only if (1) their authenticity is not contested and (2) the complaint necessarily relies
2 | on them. <u>Branch v. Tunnell</u>, 14 F.3d 449, 454 (9th Cir. 1994).

| # | Document | Notice | Reasoning |
|---|---|---|---|
| 13 | 2008 Loan Policy | Yes | Breach of the loan policy is central to Plaintiff's claims and is referenced in the Complaint. (Dkt. No. 1 at 2.) The authenticity of the document is not disputed. |
| 14 | 2007 Loan Policy | Yes | Same as above. |
| 16 | 11/28/07 DLC Mins. | No | The fact of the meeting and the very few references to the minutes are not enough to support judicial notice. The meeting minutes are not central to the Complaint. |
| 17 | LLC E Memo | Yes | The Complaint extensively references the contents of the loan memo (Dkt. No. 1 at 40-44) and Plaintiff does not dispute the document's authenticity. The contents of the memo are central to Plaintiff's claims. |
| 18 | 3/14/07 DLC Mins. | No | The fact of the meeting and the very few references to the minutes are not enough to support judicial notice. The meeting minutes are not central to the Complaint. |
| 19 | Neighborhood Data | No | The vague reference to an "appraisal" is not a clear reference to the document Defendants seek to have incorporated in the Complaint and is not central to the Complaint. |
| 20 | IH High Street (I) Memo | Yes | The Complaint extensively references the contents of the loan memo (Dkt. No. 1 at 33-37) and Plaintiff does not dispute the document's authenticity. The contents of the memo are central to Plaintiff's claims. |
| 21 | 5/9/07 DLC Mins. | No | The fact of the meeting and the very few references to the minutes are not enough to support judicial notice. The meeting minutes are not central to the Complaint. |
| 22 | IH High Street (II) Memo | Yes | The Complaint extensively references the contents of the loan memo (Dkt. No. 1 at 33-37) and Plaintiff does not dispute the document's authenticity. The contents of the memo are central to Plaintiff's claims. |
| 23 | LLC D(I) Loan Memo | Yes | The Complaint extensively references the contents of the loan memo (Dkt. No. 1 at 38-40) and Plaintiff does not dispute the document's authenticity. The contents of the memo are central to Plaintiff's claims. |
| 24 | 5/23/07 DLC Minutes | No | The fact of the meeting and the very few references to the minutes are not enough to support judicial notice. The meeting minutes are not central to the Complaint. |
| 25 | LLC D(I) Appraisal | No | A negative reference is not a reference. Defendants attempt to bring a document in they allege is contrary to the Plaintiff's assertion in its Complaint. This is not |

ORDER GRANTING IN PART AND DENYING IN
PART MOTION FOR JUDICIAL NOTICE- 3

| | | | | |
|---|---|---|---|---|
| | | | | permissible. |
| | 27 | GMP Loan Memo | Yes | The Complaint extensively references the contents of the loan memo (Dkt. No. 1 at 30-33) and Plaintiff does not dispute the document's authenticity. The contents of the memo are central to Plaintiff's claims. |
| | 28 | 6/6/07 DLC Minutes | No | The fact of the meeting and the few references to the minutes are not enough to support judicial notice. The meeting minutes are not central to the Complaint. |
| | 29 | Borrowers A-C Loan Memo | Yes | The Complaint extensively references the contents of the loan memo (Dkt. No. 1 at 16-19) and Plaintiff does not dispute the document's authenticity. The contents of the memo are central to Plaintiff's claims. |
| | 30 | 10/22/07 ELC Minutes | No | The fact of the meeting and the very few references to the minutes are not enough to support judicial notice. The meeting minutes are not central to the Complaint. |
| | 31 | Borrower D (I) Loan Memo | Yes | The Complaint extensively references the contents of the loan memo (Dkt. No. 1 at 23-25) and Plaintiff does not dispute the document's authenticity. The contents of the memo are central to Plaintiff's claims. |
| | 32 | 11/7/07 DLC Minutes | No | The fact of the meeting and the very few references to the minutes are not enough to support judicial notice. The meeting minutes are not central to the Complaint. |
| | 33 | LLC D (II) Loan Memo | Yes | The Complaint extensively references the contents of the loan memo (Dkt. No. 1 at 40-42) and Plaintiff does not dispute the document's authenticity. The contents of the memo are central to Plaintiff's claims. |
| | 34 | Borrower D (II) Loan Memo | Yes | The Complaint extensively references the contents of the loan memo (Dkt. No. 1 at 26-28) and Plaintiff does not dispute the document's authenticity. The contents of the memo are central to Plaintiff's claims. |
| | 35 | 2/13/08 DLC Minutes | No | The fact of the meeting and the very few references to the minutes are not enough to support judicial notice. The meeting minutes are not central to the Complaint. |
| | 36 | Borrower D (III) Loan Memo | Yes | The Complaint extensively references the contents of the loan memo (Dkt. No. 1 at 28-30) and Plaintiff does not dispute the document's authenticity. The contents of the memo are central to Plaintiff's claims. |
| | 37 | 3/26/08 DLC Minutes | No | The fact of the meeting and the very few references to the minutes are not enough to support judicial notice. The meeting minutes are not central to the Complaint. |
| | 38 | LLC A (I) Loan Memo | Yes | The Complaint extensively references the contents of the loan memo (Dkt. No. 1 at 19-21) and Plaintiff does not dispute the document's authenticity. The contents of the memo are central to Plaintiff's claims. |

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR JUDICIAL NOTICE- 4

| 39 | LLC A (II) Loan Memo | Yes | The Complaint extensively references the contents of the loan memo (Dkt. No. 1 at 21-22) and Plaintiff does not dispute the document's authenticity. The contents of the memo are central to Plaintiff's claims. |
|---|---|---|---|
| 40 | 4/9/08 DLC Minutes | No | The fact of the meeting and the very few references to the minutes are not enough to support judicial notice. The meeting minutes are not central to the Complaint. |
| 41 | Q107 Real Estats Report | No | While Plaintiff references Real Estats documents in its Complaint it does not refer to any specific document and there is no document centrally relied upon by Plaintiff. |

II.  Judicial Notice

Pursuant to Federal Rule of Evidence 201(b), courts may only take judicial notice of adjudicative facts not subject to reasonable dispute, because they are either "generally known within the trial court's territorial jurisdiction" or are "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Ritchie, 342 F.3d at 908-09.

Plaintiff contends a court should not take judicial notice when there is no indication plaintiffs intentionally omitted material facts to disguise a deficiency in their claims, citing In re Immune Response Sec. Litig., 375 F. Supp. 2d 983, 995 (S.D. Cal. 2005). (Dkt. No. 44 at 3.) However, this is not the standard Immune Response applies; the "intentionally omitted material" language is dicta offered as further support for the decision not to take judicial notice of documents of disputed authenticity. In re Immune Response, 375 F. Supp. 2d at 996. The case Immune Response references, Parrino v. FHP, Inc., uses the "intentionally omitted material" language to articulate the underlying policy concern of the incorporated by reference rule. 146 F.3d 699, 705-06 (9th Cir. 1998).  In evaluating whether judicial notice of adjudicative facts is appropriate, the Court will not look to Plaintiff's motivation but to the nature of the documents themselves. See,

e.g. Palmason v. Weyerhaeuser Co., 2013 U.S. Dist. LEXIS 60161, *4-5 (W.D. Wash. Apr. 26, 2013).

### A. Frontier's SEC filings

Defendants ask the Court to take judicial notice of Exhibits 1, 2, and 11, because they are documents Frontier was required to file with the SEC. (Dkt. No. 28 at 4.) A Court may take judicial notice of public documents filed with the SEC. In re Wash Mut., 259 F.R.D. 490, 495 (W.D. Wash. 2009). Because judicial notice of SEC filings is typical, the court will take judicial notice of Exhibits 1, 2, and 11. The Court will notice truth of the statements made in the filings to the extent it takes notice they were the actual statements provided to the SEC. See, City of Royal Oak Ret. Sys. v. Juniper Networks, 880 F. Supp. 2d 1045, 1059 (N. D. Cal. 2012).

### B. Records and Reports of Administrative Bodies

A Court may take judicial notice of "some public records, including the reports and records of administrative bodies." Ritchie, 342 F.3d at 909. Defendants ask the Court to take judicial notice of Exhibits 3, 4, 5, 6, 7, 8, 15 and 26 under this rule. Plaintiffs object to the Court taking notice of Exhibits 4, 6, and 7, and object to the Court adopting the truth of the facts as stated in Exhibits 3, 5, 8, 15, and 26. (Dkt. No. 44.) Each document is addressed below individually. For those where judicial notice is appropriate, the Court will assume the truth of the facts published insofar as the Court notes those were the facts as put forth by the entity producing the public record. See, Cal. ex. rel. Lockyer v. Mirant Corp., 266 F. Supp. 2d 1046, 1053 (N.D. Cal. 2003).

| # | Document | Notice | Reasoning |
|---|---|---|---|
| 3 | FDIC Material Loss Report | Yes | This is a report of an administrative body, the authenticity of which Plaintiff does not dispute. |
| 4 | Housing price data from Federal Reserve Bank | No | Lack of foundation, Defendants do not show whether or how the housing price data presented from multiple sources on housing price are comparable. |

ORDER GRANTING IN PART AND DENYING IN
PART MOTION FOR JUDICIAL NOTICE- 6

| | | | |
|---|---|---|---|
| 5 | Federal Housing Insurance Agency Data (FHIA Data) | No | Lack of foundation, Defendants do not show whether or how the housing price data presented from multiple sources on housing price are comparable. |
| 6 | FHIA Data | No | Lack of foundation, Defendants do not show whether or how the housing price data presented from multiple sources on housing price are comparable. |
| 7 | FHIA Data | No | Lack of foundation, Defendants do not show whether or how the housing price data presented from multiple sources on housing price are comparable. |
| 8 | Financial Crisis Inquiry Report | Yes | Plaintiff does not dispute the authenticity of the document and the document may be relevant to the motion to dismiss. |
| 15 | Comptroller Handbook | Yes | Plaintiff does not dispute the authenticity of the document and the document may be relevant to the motion to dismiss. |
| 26 | FDIC FAQ on Residential Lending | Yes | Plaintiff does not dispute the authenticity of the document and the document may be relevant to the motion to dismiss. |
| 42 | Frontier Bank Articles of Incorporation | Yes | Plaintiff does not dispute the authenticity of the document and the document may be relevant to the motion to dismiss. |

C. Newspaper Articles or Publically Available Material

Defendants ask the Court to take judicial notice of several news articles, Exhibits 9, 10, and 12. "Although the court may take judicial notice of news article[s] as evidence of 'what was in the public realm at the time,' it may not do so as evidence that 'the contents of th[e] articles [a]re in fact true.' Holland v. King County Adult Det., 2013 U.S. Dist. LEXIS 40629, *6 (W.D. Wash. Mar. 21, 2013), citing Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010). The Court will take judicial notice of Exhibits 9, 10, and 12 as evidence of what was in the public realm at the time.

**Conclusion**

For the reasons discussed above, the Court will take judicial notice of, or consider incorporated by reference, the following Exhibits: 1, 2, 3, 8, 9, 10, 11, 12, 13, 14, 15, 17, 20, 22, 23, 26, 27, 29, 31, 33, 34, 36, 38, 39, and 42.

1 | The Court will not take judicial notice of or consider incorporated the following Exhibits:
2 | 4, 5, 6, 7, 16, 18, 19, 21, 24, 25, 28, 30, 32, 35, 37, 40 and 41.

4 | The clerk is ordered to provide copies of this order to all counsel.
5 | Dated this __28th__ day of November, 2013.

*(signature)*
Marsha J. Pechman
Chief United States District Judge