1
2
3
4
5
6
7

8   UNITED STATES DISTRICT COURT
    WESTERN DISTRICT OF WASHINGTON
9   AT SEATTLE

10  FEDERAL DEPOSIT INSURANCE          CASE NO. 2:13-cv-00737-MJP
    CORPORATION AS RECEIVER FOR
11  FRONTIER BANK ,                    ORDER GRANTING MOTION TO
                                       COMPEL
12              Plaintiff,

13      v.

14  MICHAEL J. CLEMENTZ, et al.,

15              Defendants.

16

17      This matter is before the Court on the Parties' submission of their discovery dispute

18  pursuant to Local Civil Rule 37. (Dkt. No. 68.) Defendants in this case are former officers and

19  directors of Frontier Bank ("Frontier"). (Id. at 2.) Plaintiff FDIC Receiver ("FDIC-R") is acting

20  as receiver for Frontier and alleges Defendants were negligent or grossly negligent for allegedly

21  imprudently making 11 loans between March 2007 and April 2008. Defendants move to compel

22  the production of documents falling into three categories:  (I) Documents held by the FDIC-

23  Regulator ("FDIC") related to the regulatory supervision of Frontier (Req. 63-67); (II)

24

ORDER GRANTING MOTION TO COMPEL- 1

Documents related to the FDIC-R's claimed damages (Req. 78-81); and (III) Documents related to the closure of Frontier Bank (Req. 84-85, 91, 92). The Court GRANTS the motion to compel.

I.      Regulatory Documents (Requests 63-67)

Defendants request Plaintiff FDIC-R produce, generally, documents and communications created by regulators FDIC and the Washington State Department of Financial Institutions ("DFI") related to any regulatory examinations, loans, and handling of loans, warnings, or criticisms and oversight. (Dkt. No. 68 at 3-5.) Defendants assert these documents will reveal the FDIC's contemporaneous evaluation of the loans in question and are relevant to the propriety of the FDIC-R's claims and to Defendants' affirmative defenses. (Id. at 15.) Plaintiff argues these documents are not discoverable because (a) they are confidential and privileged, (b) they are irrelevant to claims, and (c) they are irrelevant to affirmative defenses.  The Court GRANTS the motion to compel.

(a) Confidentiality and Privilege

Plaintiffs assert the documents in question are privileged under Washington law, which governs privilege in this case. Fed. R. Evid. 501. In Washington "all examination reports and all information obtained by" the DFI in conducting examinations and "information obtained . . . from other state or federal bank regulatory authorities . . . is confidential and privileged[.]" RCW 30.04.075(1).  However, notwithstanding the foregoing, all or any part of reports or information obtained "in the conduct of an examination or investigation" may be furnished to the "examined bank" or to people "officially connected with the bank as [an] officer [or] director[.]" RCW 30.04.075(2)(d) and (g). Defendants have submitted a letter from the Attorney General of Washington's office stating that DFI has interpreted subsection (g) to include former officers and directors. (Dkt. No. 71-1 at 2.)  Further, "[i]n any civil action in which the reports are sought to

be discovered or used as evidence, any party may, upon notice to the director, petition the court for an in camera review of the report." RCW 30.04.075(6). This subsection does not apply to an action brought or defended by the director. Id. The "director" is the director of the DFI. RCW 30.04.010(6) and (7). This Court has, at least once before, allowed documents to be subpoenaed under this statute subject to the protective process. Wilson v. Venture Fin. Group, Inc., 2010 U.S. Dist. LEXIS 121861, *8 (W.D. Wash. Nov. 2, 2010).

Defendants are former officers and directors of the examined bank, and as such are entitled to discovery of the documents in question pursuant to RCW 30.04.075(2)(g). Even if the Court were to find subsection (2)(g) did not apply to former officers, Defendants would be entitled to the documents subject to an in camera review pursuant to RCW 30.04.075(6).

(b) Relevance to Claims

A party may generally obtain discovery regarding any nonprivileged matter that is relevant to any claim or defense. Fed. R. Civ. P. 26(b)(1). "In discovery disputes, while the party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements, the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." Nat'l Union Fire Ins. Co. v. Coinstar, Inc., 2014 U.S. Dist. LEXIS 94578, *8 (W.D. Wash. July 10, 2014)(internal citations omitted).

The Court finds Defendants have met their burden to show the requested documents are relevant to the propriety of the approval of specific loans. See, FDIC v. Dosland, 2014 U.S. Dist. LEXIS 46567, *11-12 (N.D. Iowa Apr. 4, 2014). The Court does not believe this finding is inconsistent with the ruling in FDIC v. Killenger, in which internal documents were found to be irrelevant as to whether the defendants in that case grossly mismanaged a bank's single family

residential lending. Here, Defendants have made a showing that contemporaneous reviews of the specific loans at issue as reflected in the internal documents in question may be relevant to the defense of Plaintiff's claims. The motion to compel is GRANTED.

(c) Relevance to Affirmative Defenses

Finding the documents are relevant to the defense of Plaintiff's claims, the Court need not reach the issue of relevance to affirmative defenses.

II. Damages Documents (Req. 78-81)

Defendants seek documents related to the FDIC-R's efforts to mitigate losses and damages in relation to FDIC-R's arrangement with Union Bank for the purchase of Frontier's assets, including many of the loans at issue in this case. (Dkt. No. at 17.) Plaintiff argues documents related to its mitigation of damages are irrelevant because the FDIC-R has no duty of mitigation under the no duty rule, a federal common law concept which provides the FDIC owes no duty to the officers and directors of a failed financial institution. FDIC v. Haines, 3 F. Supp. 2d 155, 159-60 (D. Conn. 1997). This Court noted in FDIC v. Sheehan, et al., that there is a split of authority as to whether the no duty rule continues to exist following the Supreme Court case O'Melveny & Myers v. FDIC, 512 U.S. 79, 87 (1994), and expressed agreement with the district courts that have found O'Melveny & Myers abrogated the no duty rule. Case No. 2:13-cv-0671-JCC , Dkt. No. 36, 5 (W.D. Wash. 2013). The Court specifically noted the affirmative defense of failure to mitigate damages was not barred. (Id. at 4.) The Court adopts the reasoning in Sheehan here.

The Court finds the requests for production at issue are relevant to the defense of failure to mitigate damages because they seek documents related to the recovery of funds for the loans at issue in this case. The motion to compel is GRANTED.

ORDER GRANTING MOTION TO COMPEL- 4

III.     Closure Documents (Req. 84-85, 91, 92)

Defendants seek documents related to Frontier's unsuccessful attempts to obtain capital via the government's Troubled Asset Relief Program ("TARP"), a merger agreement, and the FDIC's decision to place Frontier into receivership. (Dkt. No. 68 at 21.) Defendants claim these documents are relevant to their affirmative defenses because they will show Frontier was closed because it was "unable to raise sufficient capital to support its operations." (Id. at 21)(internal citations omitted). Defendants assert their affirmative defense that Defendants did not cause the FDIC's claimed losses make the requested discovery relevant. (Id. at 22.)

Plaintiff does not dispute that Defendants' affirmative defenses related to causation place Frontier's failure at issue in this litigation; instead, the FDIC-R asserts state and federal law bar the affirmative defenses. The Court notes first this is not a motion to strike the affirmative defenses. Even if it were, similar defenses were recently upheld in FDIC v. Sheehan, et al., discussed above, and the Court again follows the reasoning in Sheehan. Case No. 2:13-cv-0671-JCC, Dkt. No. 36 at 5, 7-8. The Court finds these requests for production seek relevant documents and the motion to compel is GRANTED.

**Conclusion**

The motion to compel is GRANTED in its entirety.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 3rd day of September, 2014.

Marsha J. Pechman
United States District Judge