UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR FRONTIER BANK,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. CLEMENTZ, et al.,<br><br>Defendants. | CASE NO. C13-737 MJP<br><br>ORDER GRANTING IN PART, DENYING IN PART PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS, DEFENDANTS' MOTION TO SEAL |

THIS MATTER comes before the Court on Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 116) and Defendants' Motion to Seal (Dkt. No. 123). Having considered the Parties' briefing and all related papers, the Court GRANTS in part and DENIES in part both motions.

**Background**

Plaintiff Federal Deposit Insurance Corporation as Receiver for Frontier Bank ("FDIC-R") brings suit against twelve former officers and directors of Frontier Bank, a failed bank, for

ORDER GRANTING IN PART, DENYING IN PART PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS, DEFENDANTS' MOTION TO SEAL- 1

damages in excess of forty-six million dollars stemming from their alleged negligence, gross negligence, and breaches of fiduciary duties in approving eleven particular loans made by the Bank. (Dkt. No. 60.)

In their Answer to the Amended Complaint, Defendants raised twenty affirmative defenses. (Dkt. No. 62.) Plaintiff now seeks to eliminate eleven of those affirmative defenses because they fail as a matter of law and Plaintiff would be unfairly prejudiced if it is forced to spend significant time and resources engaging in discovery, motion practice, and trial on the issues raised by these defenses. (Dkt. No. 116.)

Plaintiff challenges affirmative defenses one through seven and ten through thirteen, principally on three grounds. (Id.) First, Plaintiff argues that affirmative defenses two through six, which concern intervening or superseding causes and conduct, fail because they do not allege any legally cognizable superseding cause. Second, Plaintiff argues that affirmative defenses four and eleven through thirteen fail as a matter of law because the pre-receivership conduct of bank regulators and examiners cannot be imputed to the failed bank or to the FDIC as receiver. Finally, Plaintiff argues that affirmative defenses two through five, seven, and ten fail because FDIC-R does not owe a duty of care to Defendants—a required element for these defenses.

Arguing that the motion is an improper attempt to undermine their ability to offer important evidence to defend themselves, Defendants oppose the motion in its entirety. (Dkt. No. 125.)

**Discussion**

I. Legal Standards

A. Judgment on the Pleadings

1    After the pleadings are closed, a party may move for judgment on the pleadings. Fed. R.
2  Civ. P. 12(c). A judgment on the pleadings is properly granted when, taking all the allegations in
3  the pleadings as true, the moving party is entitled to judgment as a matter of law. <u>Milne ex rel.</u>
4  <u>Coyne v. Stephen Slesinger, Inc.</u>, 430 F.3d 1036, 1042 (9th Cir. 2005).

5             B.    Affirmative Defenses

6    Federal Rule of Civil Procedure 8(c) requires that "[i]n responding to a pleading, a party
7  must affirmatively state any avoidance or affirmative defenses," including nineteen enumerated
8  defenses. "Affirmative defenses plead matters extraneous to the plaintiff's prima facie case,
9  which deny plaintiff's right to recover, even if the allegations of the complaint are true." <u>United</u>
10 <u>States v. Ctr. for Diagnostic Imaging, Inc.</u>, 2011 WL 6300174, at *2 (W.D. Wash. Dec. 16,
11 2011) (quoting <u>FDIC v. Main Hurdman</u>, 655 F.Supp. 259, 262 (E.D. Cal. 1987)). Their purpose
12 is to put "the plaintiff on notice that matters extraneous to his prima facie case are in issue." <u>Id.</u>;
13 see also <u>Blonder–Tongue Lab., Inc. v. Univ. of Ill. Found.</u>, 402 U.S. 313, 350 (1971).

14    The heightened pleading standard set out in <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544
15 (2007), and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), does not apply to affirmative defenses. <u>In re</u>
16 <u>Washington Mut., Inc. Sec., Derivative & ERISA Litig.</u>, 2011 WL 1158387, at *1 (W.D. Wash.
17 Mar. 25, 2011) (citing <u>Wyshak v. City Nat'l Bank</u>, 607 F.2d 724, 827 (9th Cir. 1979). This is so
18 because detailed pleading is not necessary to give fair notice to the plaintiff under Fed. R. Civ. P.
19 8(c) given that the core factual circumstances are already well known to the parties, and also
20 because an inappropriate or mischaracterized defense will generally not subject the plaintiff to
21 vexatious litigation, as a frivolous claim might. <u>Id.</u>

22    To obtain judgment on the pleadings as to affirmative defenses, the moving party must
23 establish that "there are no questions of fact, that any questions of law are clear and not in

24 ORDER GRANTING IN PART, DENYING IN
   PART PLAINTIFF'S MOTION FOR JUDGMENT
   ON THE PLEADINGS, DEFENDANTS' MOTION
   TO SEAL- 3

dispute, and that under no set of circumstances could the defense succeed." Ctr. for Diagnostic Imaging, Inc., 2011 WL 6300174, at *2 (quoting Kerzman v. NCH Corp., 2007 WL 765202, at *7 (W.D. Wash. Mar. 9, 2007)).

## II.   Failure to State a Claim

Plaintiff correctly observes that Defendants' first affirmative defense, failure to state a claim upon which relief can be granted, is not an affirmative defense. Rather than pleading matters extraneous to Plaintiff's prima facie case, as an affirmative defense does, the allegation that a plaintiff has failed to state a claim attacks the prima facie case on its own terms. See Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002). The Court therefore considers this affirmative defense a general denial.

## III.   Superseding Cause

Affirmative defenses two through six assert the affirmative defense of intervening or superseding cause, alleging that other actors or forces are at fault for the monetary losses, including: the 2008 financial crisis (defense two), regulators' alleged interference with Frontier Bank's ability to raise capital (defense three), regulators' alleged authorization and approval of Frontier Bank's policies and practices (defense four), the FDIC's post-receivership conduct (defense five), and the conduct of third parties, including the borrowers and other professionals involved with the loans (defense six). (Dkt. No. 62 at 35.) Plaintiff first argues that these defenses attack causation, an element of Plaintiff's prima facie case, and thus are not affirmative defenses. (Dkt. No. 116 at 13.) Plaintiff also argues that Defendants are unable to establish the elements of intervening or superseding cause as a matter of law. (Id. at 13-18.)

A superseding cause is "a new independent cause that breaks the chain of proximate causation between a defendant's negligence and an injury," becoming "the sole proximate cause

ORDER GRANTING IN PART, DENYING IN
PART PLAINTIFF'S MOTION FOR JUDGMENT
ON THE PLEADINGS, DEFENDANTS' MOTION
TO SEAL- 4

of the injury" and preventing the defendant from being found "liable for harm to another which his antecedent negligence is a substantial factor in bringing about." Wash. Pattern Jury Intr. § 15.05; Campbell v. ITE Imperial Corp., 107 Wn.2d 807, 812 (1987) (quoting the Restatement (Second) of Torts § 440 (1965)). "Whether an [intervening] act may be considered a superseding cause sufficient to relieve a defendant of liability depends on whether the intervening act can reasonably be foreseen by the defendant; only intervening acts which are not reasonably foreseeable are deemed superseding causes." Crowe v. Gaston, 134 Wn.2d 509, 519 (1998) (citations omitted). In determining whether an intervening act constitutes a superseding cause, some relevant considerations are: "(a) the fact that its intervention brings about harm different in kind from that which would otherwise have resulted from the actor's negligence; (b) the fact that its operation or the consequences thereof appear after the event to be extraordinary rather than normal in view of the circumstances existing at the time of its operation; (c) the fact that the intervening force is operating independently of any situation created by the actor's negligence, or, on the other hand, is or is not a normal result of such a situation; (d) the fact that the operation of the intervening force is due to a third person's act or to his failure to act; (e) the fact that the intervening force is due to an act of a third person which is wrongful toward the other and as such subjects the third person to liability to him; (f) the degree of culpability of a wrongful act of a third person which sets the intervening force in motion." Restatement (Second) of Torts § 442 (1965) (cited with approval by Campbell, 107 Wn.2d at 812-13).

      The Court DENIES the motion as to defenses two, three, five and six. Proximate cause is a fact-sensitive determination not suitable for a decision on the pleadings alone. Furthermore, the facts underlying each of these defenses will remain relevant to Plaintiff's case in chief regardless of whether the affirmative defenses survive, and thus granting the motion would not

reduce the burden of discovery or trial as Plaintiff suggests it would.  Judgment on the pleadings as to defenses two, three, five, and six is DENIED.

### IV. No Duty Rule, Discretionary Conduct, Public Duty Doctrine

Plaintiff argues that affirmative defenses two through five (superseding cause), seven (failure to mitigate damages), and ten (contributory fault) fail because the FDIC owes no duty to Defendants under the so-called no duty rule, because Defendants cannot "second-guess" the FDIC's actions under the discretionary function exception to the Federal Tort Claims Act, and because the defenses are barred by Washington's public duty doctrine.  (Dkt. No. 116 at 8, 18-20, 24-27, 129 at 10-11.)

The Court DENIES the motion on these grounds.  Plaintiff has already raised, and the Court has already rejected, Plaintiff's no duty rule and public duty doctrine arguments in the context of a motion to compel.  (Dkt. No. 79.)  In rejecting these arguments, this Court adopted the reasoning of the Court in <u>FDIC v. Sheehan</u>, Case No. 2:13-cv-0671 JCC, Dkt. No. 47 (W.D. Wash. 2013), which agreed with those courts that have found that the no duty rule—a federal common law precept providing that the FDIC owes no duty to the officers and directors of failed banks because the FDIC's sole purpose is to promote the stability of the banking system and to protect depositors, the insurance fund, and the public—does not survive the Supreme Court's decision in <u>O'Melveny & Myers v. FDIC</u>, 512 U.S. 79 (1994), which forbade federal common law additions to the governing statutory framework.  <u>FDIC v. Sheehan</u>, Case No. 2:13-cv-0671 JCC, Dkt. No. 47 (W.D. Wash. 2013).  The Court in <u>Sheehan</u> also rejected application of the Federal Tort Claims Act ("FTCA")'s discretionary function exception to affirmative defenses pleaded against the FDIC because the FTCA applies to tort claims raised <u>against</u> the United States, and does not preclude state law affirmative defenses when the government brings claims.

ORDER GRANTING IN PART, DENYING IN
PART PLAINTIFF'S MOTION FOR JUDGMENT
ON THE PLEADINGS, DEFENDANTS' MOTION
TO SEAL- 6

1  Id.  Finally, while the Court's order on Defendants' motion to compel does not specifically

2  address the public duty doctrine, Plaintiff raised the doctrine in an unsuccessful attempt to avoid

3  producing certain documents.  As Defendants correctly point out, the doctrine precludes liability

4  for the State's negligent conduct but does not preclude affirmative defenses based on that

5  conduct.  To the extent the Court's previous order did not make clear that the discretionary

6  function exception, public duty doctrine, and no duty rule do not bar the affirmative defenses in

7  this case, the Court now so rules.

8       V.      Pre-Receivership Conduct of Bank Examiners

9     Plaintiff argues that affirmative defenses four (superseding cause, regulators' alleged

10  authorization and approval of Frontier Bank's policies and practices during time when loans

11  were made), and eleven through thirteen (assumption of the risk, equitable estoppel as a result of

12  regulators' approval and authorization of loans at issue, equitable estoppel as a result of

13  regulators' interference with Frontier Bank's ability to raise capital prior to closing the bank) fail

14  because the conduct of the FDIC in its regulatory capacity, when acting as a bank examiner or in

15  connection with the closure of a bank, may not be imputed to the FDIC in its capacity as

16  receiver.  (Dkt. No. 116 at 23.)

17     "[U]nder federal law, the FDIC is empowered to act in two entirely separate and distinct

18  capacities in proceedings involving an insured state bank."  FDIC v. Nichols, 885 F.2d 633, 636

19  (9th Cir. 1989) (internal quotation marks and citation omitted).  "Because FDIC Corporate and

20  FDIC Receiver perform two different functions and protect wholly different interests, courts

21  have been careful to keep the rights and liabilities of these two entities legally separate."  Bullion

22  Servs., Inc. v. Valley State Bank, 50 F.3d 705, 709 (9th Cir. 1995).

23

24
ORDER GRANTING IN PART, DENYING IN
PART PLAINTIFF'S MOTION FOR JUDGMENT
ON THE PLEADINGS, DEFENDANTS' MOTION
TO SEAL- 7

Defendants argue that the FDIC-R should be accountable for the FDIC's regulatory oversight of the failed bank, and point out that any damages recovered would accrue to the benefit of the depositary insurance funds, but cite to no authority that supports their position. (Dkt. No. 125 at 25.)

The Court GRANTS the motion as to defenses four and eleven through thirteen because the FDIC's conduct in its regulatory capacity cannot be imputed to the failed bank or to the FDIC-R, which stands in the shoes of the failed bank and is legally separate from FDIC-Corporate. However, as Defendants point out and this Court has already ruled, the FDIC's conduct as regulator and examiner remains relevant to whether Defendants breached their duties of care, and Defendants are still entitled to raise the FDIC's approval and authorization of specific loans to attack Plaintiff's case in chief.

VI.   Motion to Seal

Defendants move to seal their Response and certain exhibits in support of their Response because they contain sensitive information about borrowers' identities or because the FDIC has classified the documents as confidential. (Dkt. No. 123.)

The Court GRANTS in part and DENIES in part the motion. The exhibits supporting Defendants' Response shall be sealed because they contain sensitive and identifying information about borrowers, including some borrowers in the loans at issue in this case. Defendants' Response itself, however, shall not be sealed. This is a dispositive motion, and the Reponse only makes reference to the borrowers and loans through the same pseudonyms used in the Complaint, which is not sealed. The pseudonyms are sufficient to protect the borrowers' privacy.

ORDER GRANTING IN PART, DENYING IN
PART PLAINTIFF'S MOTION FOR JUDGMENT
ON THE PLEADINGS, DEFENDANTS' MOTION
TO SEAL- 8

## Conclusion

The Court GRANTS in part and DENIES in part the motions. Judgment on the pleadings as to defenses four, eleven, twelve, and thirteen is GRANTED with prejudice. Judgment on the pleadings as to all other defenses raised in this motion is DENIED. Defendants' Motion to Seal is GRANTED in part and DENIED in part. The clerk is ORDERED to unseal Dkt. No. 125, and to maintain Dkt. No. 126 under seal.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 23rd day of September, 2015.

_____
Marsha J. Pechman
Chief United States District Judge