UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR FRONTIER BANK,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. CLEMENTZ, et al.,<br><br>Defendants. | CASE NO. C13-737 MJP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER |

THIS MATTER comes before the Court on the Parties' Local Rule 37 Joint Submission regarding Plaintiff's Motion for a Protective Order. (Dkt. Nos. 144, 147.) Having considered the briefing and the related record, the Court DENIES the motion but does not order production of the documents.

Plaintiff seeks a protective order allowing it to withhold twelve documents that include information about the FDIC-Corporate's regulatory enforcement actions against Frontier Bank under the "law enforcement investigatory privilege." (Dkt. No. 147 at 13-14.) Plaintiff argues the law enforcement investigatory privilege prohibits the release of governmental information

1  that would harm an agency's investigative or enforcement efforts, and contends that producing

2  the twelve documents here would harm the FDIC's investigatory and enforcement efforts.  (Id.)

3  (citing Hassan v. United States, 2006 WL 681038, at *3 (W.D. Wash. Mar. 15, 2006), and SEC

4  v. Rosenfeld, 1997 U.S. Dist. LEXIS 13996 (S.D.N.Y. 1997)).

5       Assuming a law enforcement investigatory privilege applies in this context, Plaintiff has

6  failed to demonstrate how or why production of these documents could harm any investigatory

7  or enforcement efforts.  The FDIC's investigation of Frontier Bank concluded long ago, and

8  Frontier Bank has been closed and placed into receivership.  Pursuant to the terms of the

9  Stipulated Protective Order, these documents will not be released to the public and thus cannot

10 harm future FDIC investigations of other banks.  The Court finds that the law enforcement

11 investigatory privilege does not shield these documents from production because their

12 production would not harm any current or future investigatory or enforcement actions, and

13 consequently Plaintiff's request for a protective order on this basis is DENIED.

14      The Court, however, does not order that these documents be produced to Defendants.

15 Defendants represented to the Court multiple times during a September 2, 2015 telephone

16 conference regarding this discovery dispute that Defendants sought the production of "any

17 materials that are being withheld based on any privileges other than the law enforcement

18 privilege."  (Dkt. No. 135 at 7) (emphasis added).  Defendants represented to the Court that they

19 were "not pressing on the suspicious activity report data" because Defendants "understand that

20 that's protected."  (Id. at 16.)  Plaintiff's privilege log identifies ten of the twelve withheld

21 documents as suspicious activity reports, and the two other documents as "pertain[ing] to SARs

22 information."  (Dkt. No. 147 at 23.)  Defendants have provided no explanation as to why they

23 have changed their position on these documents, or why the Parties have burdened the Court's

24

1 docket with multiple lengthy filings and telephonic requests regarding the production of
2 documents Defendants indicated they neither needed nor wanted.  The Court finds that any
3 entitlement Defendants may have had to these documents has been waived.  Because the Court is
4 not ordering the production of any additional documents at this time, the Court DENIES
5 Defendants' request for relief from the current case schedule.

7    The clerk is ordered to provide copies of this order to all counsel.

9    Dated this 29th day of September, 2015.

Marsha J. Pechman
Chief United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR
A PROTECTIVE ORDER- 3